FILED IN OFFICE
CLERK SUPERIOR COURT

IN THE SUPERIOR COURT OF GWINNETT COUNTY GWINNETT COUNTY, GA

STATE OF GEORGIA          2005 MAR -2 AM 10: 03

TOM LAWLER. CLERK

|  |  |  |
|---|---|---|
| MICHAEL JOSEPH and ANNETTE JOSEPH, | : | Civil Action Case No.: |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| vs. | : | JURY TRIAL DEMANDED |
|  | : |  |
| STEVE CHRIST, MARY SNYDER, NEWPORT | : | 05A 02424-5 |
|  | : |  |
| SHORES MORTGAGE, Inc. A Foreign | : |  |
|  | : |  |
| Profit Company, NATIONAL CITY | : |  |
|  | : |  |
| MORTGAGE CO., A Foreign Profit | : |  |
|  | : |  |
| Company, WELLS FARGO HOME MORTGAGE, A | : |  |
|  | : |  |
| Foreign Profit Company, CUSTOMER 1 | : |  |
|  | : |  |
| TITLE, LLC, A Foreign Profit Company, | : |  |
|  | : |  |
| UNKNOWN TITLE ATTORNEY, for Newport | : |  |
|  | : |  |
| Shores Mortgage, and ECKART & | : |  |
|  | : |  |
| ASSOCIATES, LLC., | : |  |
|  | : |  |
| Defendants. | : |  |

---

## VERIFIED COMPLAINT FOR DAMAGES

COMES NOW MICHAEL JOSEPH AND ANNETTE JOSEPH, Plaintiffs by and through counsel, and hereby shows this Honorable Court the following:

# EXHIBIT "A"

## JURISDICTION AND VENUE

1.

This is a civil action arising under O.C.G.A. §§ 16-14-1 & 16-14-2, 18 U.S.C. § 1961, 15 U.S.C.A. § 1635(b), and Georgia common law.

2.

Venue is proper because Newport Shores Mortgage, Inc.'s and Wells Fargo Home Mortgage's registered agents are located in Norcross, Gwinnett County.

## PARTIES

3.

Plaintiffs MICHAEL and ANNETTE JOSEPH are residents of Gwinnett County, Georgia.  During all times relevant to this Complaint, Defendants resided at 5554 Bowers Road, Stone Mountain, Georgia 30087.

4.

Defendant NEWPORT SHORES MORTGAGE, Inc. is a Foreign Profit Company who transacts business within the State of Georgia.  Newport Shores Mortgage's registered agent and office is located at 40 Technology Parkway South, #300, Norcross, Georgia, 30092 and is subject to the jurisdiction of this Court.

5.

Defendant NATIONAL CITY MORTGAGE CO., is a Foreign Profit Company, who transacts business within the State of Georgia.  National City Mortgage's registered agent and office is located at C T Corporation System 1201 Peachtree Street NE, Atlanta, GA 30361 and is subject to the jurisdiction of this Court.

6.

Defendant ECKART & ASSOCIATES, LLC appears to be a foreign corporation that is not licensed to transact business in the State of Georgia, nor is it licensed in the States of Maryland or Ohio, however through its business transactions they are subject to the jurisdiction of this Court.

7.

Defendant UNKNOWN TITLE ATTORNEY'S current location is unknown, however through its business transaction they are subject to the jurisdiction of this Court.

8.

Defendant STEVE CHRIST was the mortgage broker at all times relevant to this Complaint. Defendant Christ's residence is unknown at this time and should be served via the corporation's agent, through his business transaction he is subject to the jurisdiction of this Court.

9.

Defendant MARY SNYDER was the Operations Manager of Newport Shores Mortgage, Inc. at the times relevant to this complaint. Defendant Snyder's residence is unknown at this time but should be able to be served via the Corporation's agent, through her business transactions she is subject to the jurisdiction of this Court.

10.

Defendant WELLS FARGO HOME MORTGAGE, INC. is a Foreign Profit Company, who transacts business within the State of Georgia. Wells Fargo Home Mortgage's registered agent and office is located at 40 Technology Parkway

South, #300, Norcross, Georgia, 30092 and is subject to the jurisdiction of this Court.

11.

Defendant CUSTOMER 1 TITLE, LLC. is a Foreign Profit Company, who transacts business within the State of Georgia.  Customer 1 Title, LLC's registered agent and office is located at C T Corporation System 1201 Peachtree Street NE, Atlanta, GA 30361 and is subject to the jurisdiction of this Court.

**FACTUAL ALLEGATIONS**

12.

Plaintiffs are the homeowners of 5554 Bowers Road, Stone Mountain, Georgia 30087.  At all times relevant to this complaint the Plaintiffs were residents of Georgia.

13.

On or about July 12, 2002, Plaintiffs contacted Defendant Steven Christ about refinancing their home from their existing mortgage holder Wells Fargo Home Mortgage, Inc. to Newport Shores Mortgage, Inc. See Ex. A. It was communicated that they would not have to pay closing cost if they chose to refinance with Newport Shores. See id.

14.

On or about August 23, 2002 Plaintiffs entered into a contract to refinance their mortgage with Newport Shores Mortgage, Inc. conducted by a Notary Public.  At this time Plaintiffs received the Notice of Right to Cancel. See Ex. B.  The original date of August 22, 2002 closing did not take place since the Notary was unable to proceed with the closing.

15.

On or about August 23, 2002 included in the refinancing package was Notice of Assignment, Sale or Transfer of Servicing Rights to National City Mortgage, Co. See Ex. C.

16.

Also, included in the Settlement Statement is a refinancing fee of $400 for Settlement or Closings fees payable to Defendant Customer 1 Title, LLC. See Ex. D.

17.

Also, included in the Settlement Statement was an additional $100 to Defendant Customer 1 Title, LLC for title examination charges. See Ex. D.

18.

According to the Settlement Statement Defendant Eckart & Associates, Inc. were paid $83 dollars for an abstract or title search. See Ex. D.

19.

On or about August 24, 2002 the Plaintiffs' began to question the loan documents.   Plaintiffs did not understand several charges on the settlement statement. See Ex. D.   They also questioned the Assets and Liabilities page (Freddie Mac Form 65) See Ex. E.

20.

On August 26, 2002 at approximately 11:15 am Mrs. Plaintiff contacted National City Mortgage requesting their fax number in order to rescind the loan.   The representative at National City Mortgage told the Mrs. Plaintiff that she has to contact the broker in order to rescind the loan and refused

to give the fax number.  Mrs. Plaintiff requested that they note the file, in which they replied that the file was noted.

21.

Further, on August 26, 2002, Mrs. Plaintiff contacted Defendant Christ, the broker informing him she wanted to rescind the loan.  At first Defendant Christ tried to coerce the Plaintiff in keeping the loan.  After Mrs. Plaintiff held fast in rescinding the loan, Defendant Christ allowed her to fax the cancellation notice to him.

22.

Defendant Christ assured the Plaintiff that they would return the down payment check and he would proceed to rescind the entire loan at that time.

23.

After the phone call with Defendant Christ, on August 26, 2002 Mrs. Plaintiff contacted National City Mortgage and informed them that she rescinded the loan and requested that they placed a note on her account about the rescission.

24.

On August 26, 2002 Plaintiff's rescinded their loan with National City Mortgage by faxing the rescission note.

25.

On August 28, 2002 the Plaintiffs proceeded to refinance with their pervious mortgage holder, Wells Fargo Home Mortgage. Plaintiffs' August monthly payment was returned to them by Wells Fargo Home Mortgage.

26.

On or about August 29, 2002 Wells Fargo Home Mortgage, Inc received payment from National City Mortgage completing the refinancing.

27.

On August 29, 2002 National City Mortgage sent a letter to the Plaintiffs congratulating them in refinancing their existing homes. See Ex. F.

28.

On or about September 3, 2002 Mrs. Plaintiff contacted Defendant Steven Christ about a return check fee written out for closing fees for the refinancing. In which he stated he needed to speak with a supervisor since he said "I told them not to process that."

29.

Also on September 3, 2002 Mrs. Plaintiff spoke with Mary Snyder, Operations Manager of Newport Shores Mortgage, Inc and Supervisor of Defendant Christ, about rescinding the loan, returning the Plaintiffs back to their original lender, plus refunding the Plaintiffs $30 dollars in bank fees in connection with the Defendant processing a check which they were not entitled to.

30.

On or about September 9, 2002 Mrs. Plaintiff contacted National City Mortgage agent Noba at ext. 58338, inquiring why they were sent a congratulations letter when they rescinded the loan. Ms. Noba stated she needed to have a supervisor return the call.

31.

On September 30, 2002 Defendant Wells Fargo Home Mortgage sent the Plaintiffs documentation in connection with their payoff of their loan. See ex G.  Included with this letter was their original signed Security Note checked paid. See id.

32.

On or about October 1, 2002 Mrs. Plaintiff wrote a letter to Mary Schneider (sic) and Newport Shores Mortgage recapping their September 3, 2002 conversation. See Ex. H.  This letter also stated that the loan has yet to be rescinded correctly. See id.

33.

On October 4, 2002 Mary Snyder, responded to the Plaintiff's October 1, 2002 letter.  In which she stated that she was not informed of the rescission until September 3, 2002, "agreed to refund the NSF charges, and assist in the follow-up associated in reversing the loan transaction." See Ex. I.  She also stated that she notified the Title Attorney immediately. See id.

34.

Also, on October 4, 2002 Mary Snyder on the behalf of Newport Shores Mortgage, Inc. sent another letter to the Plaintiffs taking full responsibility of the error in presenting the closing check after the loan was rescinded. See Ex. J.

35.

On October 9, 2002, Wells Fargo returned the payment, to either Newport Shores Mortgage or National City Mortgage, for the Plaintiffs mortgage.

36.

On October 15, 2002 either Newport Shores Mortgage or National City

Mortgage received their money back from Wells Fargo Home Mortgage.

37.

On October 21, 2002 the U.S. Department of Housing and Urban

Development received the re-submitted refinanced loan package with a loan

closing date of August 27, 2002 from National City Mortgage with a case

number of 105-0781401.  The closing package was returned as incomplete, page

3 of the URLA addendum was missing.

38.

On November 15, 2002 National City Mortgage sent a letter to the

Plaintiffs' stating that their mortgage was behind and they might have to

start foreclosure proceedings if the loan is not brought current. See Ex. K.

39.

On December 6, 2002 Wells Fargo Home Mortgage, Inc.  filed with this

Court a Discharge of Deed to Secure Debt. See Ex. L.

40.

On December 27, 2002 this Court's Real Estate Division sent the

Plaintiff's the original of the Discharge of Deed to Secure Debt and the

original Security Deed to the home. See Ex. M.

41.

During the refinancing, Wells Fargo Home Mortgage stated that the

Plaintiffs current mortgage had to be current before they could refinance and

therefore, gave the Plaintiffs until the end of December 2002 to pay a

mortgage arrearage of $3,333 reflecting the payments for the months of August, September, and October 2002.

42.

Since December 2002 Plaintiffs have been paying Wells Fargo Home Mortgage $1,111 monthly as a mortgage payment.

43.

On March 19, 2003 Mrs. Plaintiff contacted National City Mortgage customer support and spoke with Deanna at ext. 58101. During this conversation Mrs. Plaintiff expressed her anguish over the fact that National City Mortgage is still showing on their credit report as a current mortgage lender. Deanna stated she would send in a request to the credit bureaus to remove this.

44.

On April 29, 2003 Mrs. Plaintiff sent a letter to Mary Snyder stating that National City Mortgage's failure to cancel their FHA number on the home is preventing the Plaintiff's from refinancing their home with Wells Fargo. See Ex. N. Their new tentative closing date was May 5, 2003 but they could not continue with the closing if National City Mortgage does not cancel the FHA number on their home. See id.

45.

On May 19, 2003 Patricia Stocker, Customer Research Representative at National City Mortgage, sent a letter to the Plaintiff's stating that they will correct their credit reports. See Ex. O.

46.

On May 20, 2003 Patricia M. Coates, Senior Vice President Customer Service Administration, answered the Plaintiffs letter to the Georgia Department of Banking and Finance in which they reiterated the request to remove the National City Mortgage's FHA number. <u>See</u> Ex. P.

47.

On May 29, 2003 HUD cancelled the National City Mortgage FHA number. <u>See</u> Ex. Q.

48.

On June 11, 2003 JoAnn M. Hargrove sent the Plaintiffs a letter stating that National City Mortgage's FHA number has been cancelled. <u>See</u> Ex. R.

49.

Wells Fargo Home Mortgage is currently demanding the Plaintiffs to pay them four months on the mortgage or they will begin foreclosure proceedings.

50.

As of February 21, 2005 (with the state database updated through February 6, 2005), there is not a deed filed on the Plaintiffs' home.

## COUNT ONE

## VIOLATION OF TRUTH IN LENDING ACT 15 U.S.C.A.§ 1635 et seq.

51.

The allegations of paragraphs 1-50 are realleged and incorporated

herein by reference.

52.

15 U.S.C.A. §1635 governs the consumer's right of rescission, in which

the consumer can rescind a security note within three days of signing it as

long as it is in writing.

53.

Once the consumer exercises his right to rescind, the effect of that

decision and the subsequent exchange of property is then governed by 15

U.S.C. § 1635(b), which provides:

> When an obligor exercises his right to rescind under subsection (a) of
> this section, he is not liable for any finance or other charge, and any
> security interest given by the obligor, including any such interest
> arising by operation of law, becomes void upon rescission. Within 20
> days after receipt of a notice of rescission, the creditor shall return
> to the obligor any money or property given as earnest money,
> downpayment, or otherwise, and shall take any action necessary or
> appropriate to reflect the termination of any security interest created
> under the transaction. If the creditor has delivered any property to
> the obligor, the obligor may retain possession of it. Upon the
> performance of the creditor's obligations under this section, the
> obligor shall tender the property to the creditor, except that if
> return of the property in kind would be impracticable or inequitable,
> the obligor shall tender its reasonable value. Tender shall be made at
> the location of the property or at the residence of the obligor, at the
> option of the obligor. If the creditor does not take possession of the
> property within 20 days after tender by the obligor, ownership of the
> property vests in the obligor without obligation on his part to pay for
> it. The procedures prescribed by this subsection shall apply except
> when otherwise ordered by a court.

54.

Plaintiffs rescinded their home on August 26, 2002 which was 3 days following the refinancing loan.

55.

Defendants Newport Shores Mortgage and National City Mortgage failed to honor the Plaintiffs' rescission.

56.

Defendants Newport Shores and National City Mortgage, failed to remove their security interest in the home within 20 days after the rescission.

57.

Defendant Wells Fargo Home Mortgage returned the Defendant National City Mortgage funds on October 15, 2002 which was 29 days after the statutory right of 20 days to correct the rescission.

58.

This statue allows after 20 days from a rescission the property to rest in the Plaintiffs without obligation on his part to pay for it.

59.

As a result of the Defendants violation of the statute the Plaintiffs has suffered loss of property rights, actual damages, inability to refinance their home, mental anguish, pain and suffering.

## COUNT TWO

### VIOLATION OF GEORGIA & FEDERAL RICO ACT

60.

The allegations of paragraphs 1-59 are realleged and incorporated herein by reference.

61.

O.C.G.A § 16-14-4 both 18 U.S.C. § 1961 provides that: "it is unlawful for any person, through a pattern of racketeering activity or proceeds derived thereof, to acquire or maintain, directly or indirectly, any interest in or in control of any enterprise, real property, or personal property of any nature including money." O.C.G.A § 16-4-4(a).

62.

O.C.G.A. § 16-14-2 applies to a pattern of criminal activity where it is directed towards acquiring or maintaining something of pecuniary value

63.

O.C.G.A § 16-14-2(b) provides that a party can be liable of RICO under theory of respondeat superior when an enterprise has derived some benefit from the RICO violation.

64.

O.C.G.A. §16-14-1 provides for civil remedies which includes but not limited to treble the damages, forfeiture of property, and reasonable attorney's fees.

65.

Defendants Newport Shores Mortgage, National City Mortgage, and Wells Fargo Home Mortgage are all qualified organizations according to the RICO statute.

66.

All Defendants have illegally acquired and maintained the Plaintiffs' property.

67.

Defendant Newport Shores and/or National City Mortgage through their agents Defendant Christ and Defendant Snyder tried to influence the Plaintiffs in using their corporation as the mortgage holder of the loan. Furthermore they attempted to use their position by refusing to release the HUD loan number and/or allowing the number to be transferred to Wells Fargo Home Loan.

68.

All Defendants have profited from the violation of the TILA.  Defendant Wells Fargo Home Loan continues to profit from this violation.

69.

As a result of the Defendants' actions, Plaintiffs have been paying on a cancelled loan, suffered financial loss, mental anguish, pain and suffering.

## COUNT THREE

### VIOLATION OF RESPA 12 U.S.C. §2601 et seq.

70.

The allegations of paragraphs 1-69 are realleged and incorporated herein by reference.

71.

Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. §2601(b) provides that the act is "to effect certain changes in the settlement process for residential real estate that will result in…the elimination of kickbacks or referral fees that end to increase unnecessarily the costs of certain settlement services." 12 U.S.C. §2601(b).

72.

RESPA prohibits unearned fees: "No person shall give and no person shall accept any portion, split, or percentage of any charge, made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. §2607(b)

73.

RESPA provides "[a]ny person or person who violate the prohibitions or limitations of [12 U.S.C. §2607] shall be jointly and severally liable to the person or persons charged for the settlement service involved in the violation of an amount equal to three times the amount of any charge paid for such settlement service." 12 U.S.C. §2607(d)(2).

74.

Moreover, "[i]n any private action brought pursuant to [12 U.S.C. §2607], the court may award to the prevailing party the court costs of the action together with reasonable attorneys fees." 12 U.S.C. §2607(d)(5).

75.

Defendants Newport Shores Mortgage and National City Mortgage, violated RESPA by the giving by Newport Shores Mortgage and National City Mortgage and the acceptance by Eckart & Associates, LLC, and Customer 1 Title of a portion, split, or percentage of charges made or received for the rendering of a mortgage loan other than for services actually performed, in violation of 12 U.S.C. §2607(b).

76.

As a consequence of these RESPA violations, the Plaintiffs are entitled to recover from Defendants Newport Shores Mortgage, National City Mortgage, Eckart & Associates, LLC., and Customer 1 Title jointly and severally, three times the amount of any and all charges paid for "settlement services," as well as court costs and reasonable attorneys fees, pursuant to 12 U.S.C. §2607(d).

## COUNT FOUR

### STATE COMMON LAW VIOLATION

77.

The allegations of paragraphs 1-76 are realleged and incorporated herein by reference

78.

Mortgage lender Defendants negligently handled and processed the Plaintiffs loan.  Defendants Newport Shores and National City Mortgage negligently hired Defendant Christ and Defendant Snyder in the handling of mortgage loans.

79.

Defendant Wells Fargo Home Mortgage is fraudulently collecting on a debt that is not theirs.  The Plaintiffs are currently and have been holders in due course of a cancelled security note between the Plaintiffs and Defendant Wells Fargo Home Mortgage.

80.

At all times relevant to this complaint Defendant Wells Fargo Home Mortgage had the ability to mitigate its damages by refusing to return the money to National City Mortgage, until they were able to finance the Plaintiffs' home.

81.

All Defendants owed the Plaintiffs a fiduciary duty to act with proper skill and diligence.

82.

Defendant Christ breached this fiduciary duty by failing to correctly rescind the refinanced loan.

83.

Defendant Snyder assumed this fiduciary duty from her phone conversation with Mrs. Plaintiff and from her letter when she stated that she would submit the rescission papers to their attorneys. Defendant Snyder breached this duty when she failed to competently see that this was handled within a reasonable time frame from when she assumed the duty.

84.

Defendant Newport Shores Mortgage assumed their fiduciary duty when they allowed their agents to accept the rescission letter and when the agents stated they would make sure the loan was rescinded. The Defendant breached this duty when it failed to competently rescind the mortgage and failed to return the Plaintiffs to where they were before the rescission.

85.

Defendant National City Mortgage assumed their fiduciary duty when they allowed Newport Shores Mortgage to solicit client and secure loans on their behalf. The Defendant breached this duty when it failed to rescind the loan within the statutory proscribed time.

86.

Defendant Unknown Title Attorney breached their fiduciary duty when they failed to rescind the loan within the statutory time frame.

87.

Defendant Wells Fargo Home Mortgage breached their fiduciary duty when they returned the payoff money to National City Mortgage after the statutory time frame and when they begin collecting fees on a security note they do not have.

88.

Defendant Wells Fargo Home Mortgage has wrongfully acquired $31,108 dollars of the Plaintiffs money, paid to a non-existing security note.

89.

Defendant Wells Fargo Home Mortgage has fraudulently laid the Plaintiffs to believe that they had a security note and deed on their home and therefore had to pay them $1111.00 dollars per month.

90.

Defendant Wells Fargo Home Mortgage has been illegally collecting on a debt they do not hold and has been harassing the Plaintiffs for this non-existing debt.

91.

Defendants Newport Shores Mortgage and National City mortgage breeched the contract with the Plaintiffs, when they stated that if the Plaintiffs rescinded the loan within 3 days they would within 20 days return them back to the position they were before the loan.

92.

As a result of the Defendants violation of the various state common law claims the Plaintiffs have suffered monetary loss, emotional pain and

suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of enjoyment of property, and loss of property rights.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants as follows:

1.  Return of funds in the sum of $31,108.00 to Defendant Wells Fargo Home Mortgage plus reasonable interest;

2.  Actual damages of $85,612 against Defendants Newport Shores Mortgage and National City Mortgage, jointly and severally liable.

3.  Court order holding Plaintiffs property located at 5554 Bowers Road, Stone Mountain, Georgia 30087 is theirs free and clear of any encumbrances placed on or negligently not placed on by any or all of the Defendants;

4.  Treble the damages found in accordance of the RICO with the mortgage Defendants, Defendants Christ and Snyder all jointly and severally liable;

5.  Treble the amount of the settlement fees in accordance with RESPA with Defendants Newport Shores Mortgage, National City Mortgage, Customer 1 Title, LLC, and Eckart & Associates, LLC jointly and severally liable;

6.  Compensatory damages against the mortgage lender Defendants in an amount reasonable and commensurate with the emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life and property imposed upon them by the Defendants' unlawful acts;

7.   Punitive damages against the mortgage lender Defendants and

Defendants Christ and Snyder in an amount reasonable and

commensurate with the emotional pain and suffering, inconvenience,

mental anguish, and loss of enjoyment of life and property imposed

upon them by the Defendants' unlawful acts; and calculated to be

sufficient to deter the willful, wanton, and reckless conduct of the

Defendants in the future;

8.   Trial by jury;

9.   Costs of this action, including attorneys' fees per RICO statute

and RESPA statute; and

10.   Such other relief that this Court deems proper and just.


Dated this 2nd day of March, 2005

Nicole Jones, Esq 001352
Jones Federal & Appellate,
LLC
4771 Britt Road
Suite C4
Norcross, Georgia 30093

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ANNETTE JOSEPH and
MICHAEL JOSEPH

CIVIL ACTION
NUMBER **05A 02424-5**

Plaintiffs,

STEVE CHRIST, MARY SNYDER,
NEWPORT SHORES MORTGAGE, a Foreign
Profit Company, NATIONAL CITY
MORTGAGE CO., a Foreign Profit Company,
CUSTOMER 1 TITLE, LLC, a Foreign Profit Company,
UNKNOWN TITLE ATTORNEY, for Newport Shores
Mortgage, and ECKART & ASSOCIATES, LLC.,

**ASSIGNED TO JUDGE WINEGARDEN**

Defendants.

### SUMMONS

**JURY DEMAND**

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of Said Court and
serve upon the Plaintiff's attorney, whose name and address is:

Nicole Jones, Esq
4771 Britt Road Suite C4
Norcross, Georgia 30092

An answer to the complaint which is herewith served upon you, within 30 days after
service of this summons upon you, exclusive of the day of service. If you failed to do so,
judgment by default will be taken against you for the relief demanded in the complaint.

This _____ 2nd _____ day of March, 2005

Tom Lawler
Clerk of Superior Court

By:_____
Deputy Clerk

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

|  |  |  |
|---|---|---|
| MICHAEL JOSEPH and ANNETTE JOSEPH, | : | Civil Action Case No.: |
| Plaintiffs, | : | |
| vs. | : | 05A 02424-5 |
| STEVE CHRIST, MARY SNYDER, NEWPORT | : | |
| SHORES MORTGAGE, Inc. A Foreign | : | |
| Profit Company, NATIONAL CITY | : | |
| MORTGAGE CO., A Foreign Profit | : | |
| Company, WELLS FARGO HOME MORTGAGE, A | : | |
| Foreign Profit Company, CUSTOMER 1 | : | |
| TITLE, LLC, A Foreign Profit Company, | : | |
| UNKNOWN TITLE ATTORNEY, for Newport | : | |
| Shores Mortgage, and ECKART & | | |
| ASSOCIATES, LLC., | | |
| Defendants. | | |

---

## ACKNOWLEDGMENT OF SERVICE

Due and legal service of the Complaint and Summons in the above-styled case is hereby acknowledged.  Copies of the Complaint and Summons have been received and all other and further service of same is waived.

Dated this _____ day of March, 2005

_____
Defendant

Signed in the presence of

_____
Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the within and foregoing **DEFENDANTS' JOINT NOTICE OF REMOVAL**, upon the following person by placing a copy of same in the United States Mail with adequate first class postage affixed thereon to insure delivery to the following:

> Nicole Jones, Esq.
> Jones Federal & Appellate, LLC
> 4771 Britt Road, Suite C4
> Norcross, Georgia 30093
> *Counsel for Plaintiffs*

> Christopher Mark Eckart
> Eckart and Associates, Inc.
> 1574 Dresden Drive, NE
> Atlanta, Georgia 30319

This 4 day of April, 2005.

_____
Steven A. Wagner
Georgia Bar No. 000529