IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANNETTE JOSEPH and
MICHAEL JOSEPH,

                    Plaintiffs,

   v.                                    1:05-cv-0904-WSD

NEWPORT SHORES
MORTGAGE, INC., a Foreign
Profit Company, et al.,

                    Defendants.

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation [27] regarding Defendants' motions to dismiss [4, 6, 8], as well as Plaintiffs' Objections to the Report and Recommendation [29]. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a careful, *de novo* review of the portions of the Report and Recommendation to which Plaintiffs have objected. The Court has reviewed the remainder of the Report and Recommendation for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Plaintiffs filed their Complaint on March 2, 2005, asserting claims under the

Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 et seq. ("RESPA"), the federal and Georgia Racketeer Influenced and Corrupt Organizations Acts, 18 U.S.C. § 1961 et seq., and O.C.G.A. § 16-14-1 et seq., (federal and Georgia "RICO"), as well various unspecified state-law claims. Defendants moved to dismiss these claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted.

The Magistrate Judge recommended that Defendants' motions be granted in part and denied in part. Specifically, she recommended that Plaintiffs' TILA and RESPA claims be dismissed as untimely pursuant to these respective statutes' one-year statutes of limitations. (R&R at 13, 18.) She also recommended that the Court deny Defendants' motions to dismiss with respect to Plaintiffs' federal and Georgia RICO claims and their unspecified state-law claims. (Id. at 16-18, 18-21.) The Magistrate Judge permitted Plaintiffs to file an amended complaint to plead these claims with greater clarity and specificity. (Id.)

Plaintiffs object to the Magistrate Judge's recommendation regarding their TILA claims. They argue that the Magistrate Judge erred in holding that the one-year statute of limitations set out in 15 U.S.C. § 1640(e) applies to their claims

against Defendants.  (Pls.' Objections to R&R at 4-9.)  Section 1640(e) provides that a claim for damages under TILA must be brought within one year from the date of the occurrence of the violation.  15 U.S.C. § 1640(e).  It is undisputed that the alleged violation here occurred in either August or September 2002, and that Plaintiffs did not file their Complaint in this case until March 2005, approximately two-and-a-half years later.  (See R&R at 11-12.)  Thus, Plaintiffs' claims are untimely under Section 1640(e).

In response to Defendants' motion to dismiss their TILA claims pursuant to the one-year statute of limitations, Plaintiffs argued that Section 1640(e) did not apply.  They alleged that their claims were governed by Section 1635(f), which extends the time a person may rescind a loan transaction from three (3) business days to three (3) years if the lender fails to provide the loan disclosures required by TILA.  (Pls.' Opp'n to Mots. to Dismiss [12] at 2-3) ("Since the Plaintiffs filed the action before [Defendant Wells Fargo Home Mortgage], this is not an affirmative defense recoupment action.  This is an action based on the Plaintiffs' right of rescission and the remedies allowed in that right.").  The Magistrate Judge rejected this argument, concluding that Section 1635(f) was irrelevant, since this is an action for damages for Defendants' alleged failure to honor Plaintiffs' rescission request,

not an action for rescission under Section 1635(f).  (R&R at 12-13.)

Plaintiffs in their objections to the Report and Recommendation shift strategies.  Contrary to their arguments before the Magistrate Judge, Plaintiffs now argue that their claims are governed by the second sentence of Section 1640(e), which provides that TILA's one-year statute of limitations "does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action . . . ."  15 U.S.C. § 1640(e).  Plaintiffs contend that, although asserted as affirmative claims for statutory damages, their TILA claims are essentially defensive claims for set-off against Defendant Wells Fargo Home Mortgage, and for recoupment against Defendants National City Mortgage Co. and Newport Shores Mortgage, Inc.  (Pls.' Objections to R&R at 7-9.)

Rule 72 of the Federal Rules of Civil Procedure affords a district court wide discretion to consider arguments and evidence not submitted to the magistrate judge.  Fed. R. Civ. P. 72(b) ("The district judge may accept, reject, or modify the recommended decision [of the magistrate judge], receive further evidence, or recommit the matter to the magistrate judge with instructions."); see also Paterson-

Leitch v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) (holding that the district judge did not abuse his discretion in declining to hear an argument that could have been but was not presented to the magistrate: "an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate"); Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and we have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's de novo review.").

The argument which Plaintiffs advance in their objections was available to them at the time of their response in opposition to Defendants' motions to dismiss. They did not explain or justify why they failed to include this argument in their initial response, and the Court declines to consider it now. See Freeman v. County of Bexar, 142 F.3d 848, 852 (5th Cir. 1998) ("Litigants may not, however, use the magistrate judge as a mere sounding-board for the sufficiency of the evidence."); Wallace v. Tilley, 41 F.3d 296, 302 (7th Cir. 1994) ("It is not in the interests of justice to allow a party to wait until the Report and Recommendation or Order has been issued and then submit evidence that the party had in its possession but chose

not to submit.  Doing so would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received.") (internal quotation marks and citations omitted); Paterson-Leitch, 840 F.2d at 990-92 ("[T]he magistrate's role [would be] reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.").[1]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation [27].  Plaintiffs' Objections to

---

[1] Even if considered, Plaintiffs' argument is without merit.  Section 1640(e) essentially permits a borrower to assert an otherwise time-barred TILA claim as a counterclaim in an action on the debt brought by the creditor.  Plaintiffs contend that because Georgia permits non-judicial foreclosure proceedings, there is no action on the debt in which they may defensively assert their TILA claims.  Plaintiffs do not cite, nor is the Court aware of, any authority supporting their argument that the instigation of non-judicial foreclosure proceedings permits a party to assert TILA claims otherwise barred by the one-year statute of limitations.  The Court also notes that, to the extent Georgia law regarding foreclosure proceedings puts Plaintiffs at a procedural disadvantage regarding their TILA claims, Section 1640(e) contemplates that state law may preclude the defensive assertion of TILA claims even where TILA itself does not.  See 15 U.S.C. § 1640(e) ("This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, *except as otherwise provided by State law*.") (emphasis added).

the Report and Recommendation [29] are **OVERRULED**.  Defendants' Motions to Dismiss [4, 6, 8] are **GRANTED IN PART** and **DENIED IN PART** as set out in the Report and Recommendation.

**SO ORDERED**, this 21st day of February, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE